856 F.2d 195
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sharon RENNICK, Plaintiff-Appellant,
v.
CHAMPION INTERNATIONAL CORP.; Joseph Stevens; William
Jones, a/k/a WaWa; Louis Wilson, a/k/a Wormie;
Dave Stewart, Defendants-Appellees.
 Nos. 88-3366, 88-3375.
 United States Court of Appeals, Sixth Circuit.
 Aug. 25, 1988.
 
 Before LIVELY, RYAN and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff, in this Title VII action, appeals from the district court order finding no discrimination and awarding damages in favor of the defendants. Defendant's have filed a motion to dismiss for lack of jurisdiction. Plaintiff has filed no response.
 
 
 2
 District court entered final judgment in this action on March 15, 1988. Plaintiff then "moved for mistrial" on March 18, 1988, which district court construed as a new trial motion pursuant to Rule 59, Fed.R.Civ.P. Plaintiff then filed a notice of appeal on March 22, 1988, prior to the disposition of the new trial motion.
 
 
 3
 Rule 4(a)(4), Fed.R.App.P., provides that a notice of appeal filed before the disposition of a Rule 59 motion shall have no effect. The United States Supreme Court has held that ... "if a timely Rule 59(e) motion is filed in the district court ... [t]he time for appeal for all parties shall run from the entry of the order denying such motion. A notice of appeal filed before the disposition of such [motion] shall be a nullity. A new notice of appeal must be filed within the time prescribed in Rule 4, from the entry of the order disposing of the Rule 59 motion." Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982) (per curiam).
 
 
 4
 The entry of final judgment occurred on March 15, 1988. Plaintiff served a timely motion for new trial pursuant to that order. Plaintiff filed a notice of appeal on March 22, 1988. Upon examination of the record, it appears that the motion for new trial was not ruled on until April 15, 1988 and was denied at that time. Plaintiff has not filed a new notice of appeal subsequent to the disposition of the Rule 59 motion. Accordingly,
 
 
 5
 It is ORDERED that the motion to dismiss be granted.